FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 0 9 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

– against –

TAIYYIB ALI MUNIR,
                      Defendant.

---

12-CR-648-1

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

    A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

    The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On October 15, 2012, defendant Taiyyib Ali Munir pleaded guilty to a single-count information, which charged participation in a conspiracy of insider trading in violation of 18 U.S.C. § 37. *See* Minute Entry, Oct. 15, 2012, CM/ECF No. 20. The information alleged that defendant conspired to provide non-public information that was to appear in an earnings report for companies that issue securities registered under Section 12 of the Securities Exchange Act of 1934. *See* Information, Oct. 15, 2012, CM/ECF No. 18.

Munir was sentenced on January 7, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be six and defendant's criminal history category to be I, yielding a guidelines range between zero and six months. The offense carried a maximum term of imprisonment of five years. *See* 18 U.S.C. § 371.

Munir was sentenced to time-served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant is 30 years of age. He was born in, and is a citizen of, Great Britain. He is one of four children, all of whom are aware

of his arrest and remain supportive of him. Though divorced, Munir's parents maintain a close relationship and reside next door to each other in Great Britain. Munir, who is subject to deportation, plans to reside with his mother upon returning to Great Britain.

In the course of a conspiracy, Munir informed a confidential informant of his ability to access earnings reports, in advance of their publication, that contained non-public, material information. At Munir's request, the confidential informant procured an investor (in actuality, an undercover FBI agent) interested in trading on information in pre-published earnings reports. Munir traveled to New York to meet with the investor in person, where Munir confirmed his ability to obtain the earnings reports. After he returned to London following the meeting, Munir never followed through with his intention to provide insider information. He was subsequently arrested at an airport in Los Angeles, California while on a layover en route from London to Hawaii. Following his arrest, Munir was in custody for 26 days at a prison in Los Angeles, and has since been subject to home detention with electronic monitoring in New York City.

Munir accepts full responsibility for his actions. He is not proud of what he did and expresses remorse for the emotional pain he has caused his family and friends, and for the harm he caused by breaking the law. Because Munir conspired to provide insider trading information to an undercover FBI agent, no loss resulted. The inside information was never actually provided. Nor did Munir receive any money for the information he was to provide.

Munir has no criminal history other than the instant offense. Munir attended two years of post-high school education in Great Britain before he dropped out to open his own business. He was a good student and plans to recommence his education upon returning to his country. By every indication, Munir's conduct at issue in this case is aberrant.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is sufficiently satisfied because of the sentence imposed. The

sentence will send a clear message that involvement in insider trading will result in a criminal record and a significant restraint on liberty. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to remain in the United States. It is unlikely that defendant will engage in further criminal activity in light of his remorse and strong commitment to his family.

Jack B. Weinstein
Senior United States District Judge

Dated: January 8, 2013
    Brooklyn, New York