

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

DSS:CMP                                    *271 Cadman Plaza East*
F.#2012R01572                              *Brooklyn, New York 11201*

July 3, 2013

By ECF

The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

         Re:    United States v. Taiyyib Ali Munir, Criminal Docket No. 12-648 (JBW)

Dear Judge Weinstein:

         The government respectfully submits this letter in response to a motion submitted by
Christie Smythe, a reporter for Bloomberg News (the "Motion"), seeking the public release of
the presentence investigation report ("PSR") prepared by the United States Probation
Department in connection with the defendant Ali Munir's sentencing, as well as the defendant's
sentencing submission.  The Court has scheduled oral argument on the Motion for July 11, 2013
at 2 p.m.  The government respectfully opposes the Motion with respect to the PSR, and takes no
position as to the defense submission.

A.       Background

         On October 15, 2012, the defendant pleaded guilty to a single-count Information,
charging conspiracy to commit securities fraud by way of insider trading, in violation of 18
U.S.C. § 371.  The Court sentenced the defendant to time served on January 7, 2013.  The Court
published a detailed Statement of Reasons on January 9, 2013 (ECF Docket No. 26), explaining
the 18 U.S.C. §3553(a) factors that the Court considered in sentencing the defendant, including
the nature and circumstances of the offense – specifically, the fact that the defendant accepted
"full responsibility" for his actions; that no financial harm occurred because he conspired to
provide the inside information to an undercover agent of the Federal Bureau of Investigation and,
in any event, no inside information was ever actually provided; and that he earned no money

from the conspiracy.  The Court also took into consideration the history and characteristics of the defendant, particularly the fact that this was the defendant's first arrest and that he planned to return to Great Britain to continue his education.

B.      The Motion

        Ms. Smythe claims that there is inadequate information in the public record "to fully evaluate the basis for the conclusions reached in the sentencing of Mr. Munir" without the PSR and defense sentencing submission.  In the Motion, however, she fails to acknowledge the extensive information about the offense conduct that already is in the public record, such as the criminal complaint (ECF Docket Entry No. 1), the Information (ECF Docket Entry (ECF Docket Entry No. 18), the transcript of the plea proceeding (ECF Docket Entry No. 21), as well as the sentencing, including the Statement of Reasons and the government's sentencing submission (ECF Docket Entry No. 23).   Indeed, the only additional information that is available in the PSR but not in the public record primarily concerns personal details about the defendant's family history, employment and educational background, and financial accounts.

C.      Argument

        The government respectfully submits that the Motion is without merit and should be denied.  First, the Motion ignores Rule 32(c) of the Federal Rules of Criminal Procedure, which specifically limits the disclosure of a defendant's PSR to the Court and the parties, absent the Court's authorization, by failing to articulate any reason why the substantial information in the public record is not sufficient to evaluate the Court's basis for its sentencing decision.  This threshold showing of necessity is required under United States v. Charmer Industries, Inc., 711 F.2d 1164, 1171 (2d Cir. 1983) ("A central element in the showing required of a third person seeking disclosure is the degree to which the information in the presentence report cannot be obtained from other sources").

        Moreover, the public disclosure of PSRs undermines the very reason why PSRs are undertaken – to provide the sentencing judge with as much information as possible to be used at sentencing, even information of a personal or sensitive nature.  As the Second Circuit held in Charmer, "Presentence reports are not public records but rather confidential reports to the trial judge for use in his effort to arrive at a fair sentence.  As other courts have held, requiring disclosure of a presentence report is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process." Id. (emphasis added).

        In this case, it is unimaginable that the defendant and his family members would have – or could have – been truly candid with the Probation Department about his personal history had they known that this information would be provided to the press.  Publicly disclosing the defendant's PSR would thus surely have a chilling effect on the Probation Department's ability to obtain the detailed and important information it currently provides in PSRs from both defendants and the government.

D.      Conclusion

        In <u>United States v. Shirley Huntley</u>, 12 CR 054 (JBW), the Court ordered the public release of the defendant's PSR for the extraordinary reason that she was an elected official and thus the public – in particular, voters – had a right to know as much as possible about "the nature of the case and the defendant."  Huntley Sentencing Transcript ("Tr.") dated May 9, 2013 at 11. Yet the Court also stated, "I've sentenced thousands of people, and I've never opened up the presentence report, and it's unlikely that I will in the future."  <u>Id.</u>  The government respectfully submits that there is no reason to make an exception in Mr. Munir's case, and for the reasons set forth above, requests that the Court deny Ms. Smythe's motion.

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

                        By:     <u>/s/ Cristina M. Posa</u>
                                        Cristina M. Posa
                                        Assistant U.S. Attorney
                                        (718) 254-6668

cc:  Pamela Johnston, Esq.
     John Almanza, U.S. Probation