

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
213.972.4500 TEL
213.486.0065 FAX
foley.com

WRITER'S DIRECT LINE
213.972.4632
Pjohnston@foley.com EMAIL

CLIENT/MATTER NUMBER
103511-0101

July 10, 2013

VIA ECF

The Honorable Jack B. Weinstein
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

HEARING: July 11, 2013, at 2:00 p.m.

REQUEST: Appear telephonically

Re: **United States v. Taiyyib Ali Munir**
**EDNY Case No. CR 12-648-JBW**

Dear Judge Weinstein:

Defendant Taiyyib Ali Munir ("Defendant") respectfully joins the Government's opposition to the July 1, 2013, request of Christie Smythe, a reporter with Bloomberg News, to obtain a copy of the Presentence Investigative Report ("PSR") prepared by Probation and defendant's sentencing memorandum confidentially submitted to the Court on or about January 2, 2013 ("the Request"). The Court has set the Request for hearing on July 11, 2013, at 2:00 p.m. Defendant's lead counsel, Pamela Johnston, also requests permission to appear telephonically at the hearing because of the expense and time associated with traveling to New York from California for this hearing. If the Court would like Defendant's counsel to be present in person, Adam Pence, a lawyer familiar with this case from defense counsel's New York office will attend in person.

A. **Confidential Information Sought**

The Request seeks access to confidential and private information that is not usually available to the public. The PSR here, as the Court knows, contains information that is sensitive to Defendant personally including very private family issues, health issues involving others and financial information. Defendant's 55-page confidential sentencing memorandum incorporates and addresses portions of the PSR, includes private addresses and private information, and also includes a detailed discussion of letters of support from friends and family, which were attached to the sentencing memorandum. Defendant strenuously objects to this information being publicly disclosed. It would harm him personally, his family members, his friends, and is unfair to do after the fact to this private person.

BOSTON          JACKSONVILLE    MILWAUKEE       SAN DIEGO           SILICON VALLEY
BRUSSELS        LOS ANGELES     NEW YORK        SAN DIEGO/DEL MAR   TALLAHASSEE
CHICAGO         MADISON         ORLANDO         SAN FRANCISCO       TAMPA
DETROIT         MIAMI           SACRAMENTO      SHANGHAI            TOKYO
                                                                    WASHINGTON, D.C.

4849-0274-9204.3



### B. Showing by the Reporter

The Request does not set forth any special showing or need for the information. It cites to no cases, statutes, or rules that permit such a disclosure. It does not establish that Defendant is a public figure or is standing for election. There is no special need articulated.

### C. Argument

As the Government correctly points out, Rule 32(c) of the Federal Rules of Criminal Procedure only provides for disclosure of a defendant's PSR to the Court and the parties. The reason is obvious: the Court and the parties need to understand and know about various types of very private information in order to reach a fair sentence. Much of the sentencing process occurs in a public venue and is accessible to the press, but the PSR is not part of the public portion of sentencing. As the Second Circuit stated in *United States v. Charmer Industries, Inc.*, 711 F.2d 1164, 1171 (2d Cir. 1983), requiring disclosure of a presentence report is contrary to the public interest because it can adversely affect the sentencing court's ability to obtain information on a confidential basis from the accused, and independent sources, for use in the sentencing process. That is precisely the issue here. Defendant and his family would have held back on information about his family, for example, if they had known that a reporter was going to print such information and spread the information across the internet and around the world. This would have deprived the Court of important information, and now to have this information disclosed after the fact is unfair and unjust to Defendant and his family.

The amount of information that is publicly available regarding the sentencing is robust. The public has access to Defendant's plea, the transcript from the sentencing hearing on January 7, 2013, and a four page detailed statement of reasons filed by the Court on January 9, 2013. Together, these materials provide a full explanation for the sentence given. All the guidelines issues are addressed. The Court discussed various Section 3553 factors and facts that show that Defendant's actions were aberrational. The legal basis for the sentence provided is set forth fully in these materials. The Request asserts that the reporter is "unable to fully evaluate the basis for the conclusions reached in the sentencing of Mr. Munir because the presentence report and any relevant defense sentencing memorandums are not available on the public docket." This is not a credible assertion. The bases for the sentence imposed by the Court were clearly outlined during the public sentencing hearing on January 7 and in the Court's four-page statement of reasons filed January 9. The public record contains the reasons for the sentence imposed. Nothing happened in secret or behind closed doors.

It would be very hurtful to Defendant and his family (and the friends who wrote letters of support) to now have all the private details contained in the PSR and Defendant's sentencing memorandum publicly disclosed to this reporter. As the Government correctly observes, disclosure in this case would certainly have a "chilling effect" on the Probation Department's ability to obtain the detailed and important information it currently provides in PSRs. Unlike the defendant in *United States v. Huntley*, 12 CR 054 (JBW), Defendant is not a public official or public person. He is a private person who resides in a foreign country. There is no reason to deviate from the usual path of nondisclosure here. There is nothing special here that requires public disclosure.

4849-0274-9204.3



Defendant respectfully requests that the Court deny the Request.

Respectfully submitted,

Pamela L. Johnston
Counsel to Defendant Taiyyib Ali Munir

cc: Cristina Posa, AUSA
John Almanza, U.S. Probation

4849-0274-9204.3